Kevin R. Allen (CSB No. 237994)
Email: kevin@allenattorneygroup.com
**ALLEN ATTORNEY GROUP**
2121 N. California Blvd, Suite 290
Walnut Creek, CA 94596
Telephone: 925.695.4913
Facsimile: 925.334.7477

Howard Schiffman (*pro hac vice*)
Email: Howard.Schiffman@srz.com
Charles J. Clark (*pro hac vice*)
Email: Charles.Clark@srz.com
**SCHULTE ROTH & ZABEL LLP**
1152 15th Street, NW, Suite 850
Washington, DC  20005
Telephone: 202.729.7470
Facsimile: 202.730.4520

Attorneys for Defendants
PARAGON COIN, INC., JESSICA VERSTEEG, EGOR LAVROV, and DAVID KALUSTOV

UNITED STATES DISTRICT COURT
OAKLAND DIVISION
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HOLLAND and ASTLEY DAVY, Individually and on Behalf of All Others Similarly Situated,<br>           Plaintiffs,<br>v.<br>PARAGON COIN, INC., JESSICA VERSTEEG, EGOR LAVROV, EUGENE "CHUCK" BOGORAD, ALEX EMELICHEV, GARETH RHODES, DAVID KALUSTOV, JACEON TERRELL TAYLOR A/K/A "THE GAME,"<br>           Defendants. | Case No. 4:18-cv-00671-JSW<br>**DEFENDANT DAVID KALUSTOV'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; JOINDER TO DOCKET NOS. 51-51.7, 62-62.6**<br><br>Date: Nov. 9, 2018<br>Time: 9:00 AM<br>Judge: The Honorable Jeffrey S. White<br>Courtroom: 5, 2nd Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 9, 2018, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jeffrey S. White, in Courtroom 5, Second Floor, of the United States District Court, Northern District of California, located at 1301Clay Street, Oakland, California 94612, Defendant David Kalustov, ("Moving Defendant" or "Kalustov") will, and hereby does, move this Court for an order dismissing Plaintiffs Astley Davy and Jon Holland's ("Plaintiffs") First Amended Complaint ("FAC"), filed on June 22, 2018.

This Motion to Dismiss and Joinder to the Notice of Motion and Motion to Compel Arbitration or, in the Alternative Dismiss the FAC made by Paragon Coin, Inc., Jessica VerSteeg, and Egor Lavrov ("Prior Moving Defendants") is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the FAC fails to state a claim upon which relief can be granted, as well as the Federal Arbitration Act, 9 U.S.C. §§ 1 through 4. Specifically, Moving Defendant hereby:

1. States that the cause of action alleging the sale of unregistered securities fails to state a claim against Kalustov because Plaintiffs fail to allege facts sufficient to show that Kalustov was a "seller" as required by Section 12(a)(1) of the Securities Act of 1933 (the "Securities Act"); and

2. Joins in the Notice of Motion and Motion to Compel Arbitration or, in the Alternative, Dismiss the FAC made by the Prior Moving Defendants and their submissions in support thereof, including the Prior Moving Defendants' Reply and supporting Declarations (Docket Nos. 51-51.7, 62-62.6) (collectively, the "Prior Motion Papers").

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Prior Motion Papers, the pleadings and files in this action, and on such other matters as may be presented at or before the hearing.

Dated: October 4, 2018

**ALLEN ATTORNEY GROUP**

By: */s/* Kevin R. Allen
Kevin R. Allen (CSB No. 237994)
2121 N. California Blvd, Suite 290
Walnut Creek, CA 94596
Telephone: 925.695.4913
Facsimile: 925.334.7477

**SCHULTE ROTH & ZABEL LLP**

By: */s/* Howard Schiffman
Howard Schiffman (*pro hac vice*)
Charles J. Clark (*pro hac vice*)
1152 15th Street, NW, Suite 850
Washington, DC 20005
Telephone: 202.729.7470
Facsimile: 202.730.4520

*Attorneys for Defendants Paragon Coin, Inc., Jessica VerSteeg, Egor Lavrov, and David Kalustov*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ISSUE TO BE DECIDED ....................................................................................................... 1

STATEMENT OF RELEVANT FACTS ............................................................................... 1

STANDARD OF REVIEW ..................................................................................................... 2

ARGUMENT ............................................................................................................................ 2

CONCLUSION ........................................................................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................. 2

*Brody v. Homestore, Inc.*,
    No. CV02–08068FMCJWJX, 2003 WL 22127108 (C.D. Cal Aug. 8, 2003) .......................... 5

*In re Charles Schwab Corp. Sec. Litigation*,
    No. C 08–01510 WHA, 2010 WL 1445445 (N.D. Cal. April 8, 2010) .............................. 3, 4

*In re China Intelligent Lighting and Electronics, Inc.*,
    CV 11-2768, 2012 WL 12893520 (C.D. Cal Feb. 16, 2012) ........................................... 2, 3, 4

*Fouad v. Isilon Sys., Inc.*,
    No. C07-1764 MJP, 2008 WL 5412397 (W.D. Wash. Dec. 29, 2008) .................................... 5

*Griffin v. PaineWebber, Inc.*,
    No. 99 Civ. 2292(VM), 2001 WL 740764 (S.D.N.Y. June 29, 2001) ..................................... 4

*In re Infonet Services Corp. Securities Litigation*,
    310 F.Supp.2d 1080 (C.D. Cal. 2003) ...................................................................... 3

*In re Newbridge Networks Sec. Litig.*,
    767 F. Supp. 275 (D.D.C. 1991) ............................................................................. 3

*In re Orion Securities Litigation*,
    No. 08 Civ. 1328(RJS), 2009 WL 2601952 (S.D.N.Y. Aug. 20, 2009) .................................. 4

*Pinter v. Dahl*,
    486 U.S. 622 (1988) ............................................................................................. 4

*Shain v. Duff & Phelps Credit Rating Co.*,
    915 F. Supp. 575 (S.D.N.Y. 1996) .......................................................................... 3

*In re Tezos Securities Litigation*,
    No. 17-cv-06779-RS, 2018 WL 4293341 (N.D. Cal. Aug. 7, 2018) .................................. 2, 3

*Vanguard Specialized Funds v. VEREIT Inc.*,
    No. CV-15-02157-PHX-ROS, 2016 WL 5858735 (D. Ariz. Oct. 3, 2016) ............................. 5

*Warth v. Seldin*,
    422 U.S. 490 (1975) ............................................................................................. 4

**Statutes**

15 U.S.C. § 77l(a) ................................................................................................. 2

Federal Arbitration Act, 9 U.S.C. §§ 1 through 4 ............................................................................. 1

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 1, 2, 5

## PRELIMINARY STATEMENT

Nearly six months after filing their initial complaint in this action, Plaintiffs named David Kalustov and six other individuals as new defendants in this action based on their purported role in selling PRG tokens ("PRG"), which Plaintiffs claim are unregistered securities sold in violation of Section 12(a)(1) of the Securities Act.  However, Plaintiffs fail to allege any linkage between any of Kalustov's purported actions in supporting sales of PRG and any <u>actual</u> purchase of PRG, whether by the named Plaintiffs or anyone else.  Even if Plaintiffs did allege that Kalustov solicited an actual PRG purchaser—and they do not—their allegations fail because they assert only that Kalustov answered questions and provided favorable information concerning PRG which, without more, is insufficient to state a claim against a person in Kalustov's position.  For those reasons, as well as the reasons set forth in the Motion to Compel Arbitration or, in the Alternative, Dismiss ("MTCA") previously filed by Defendants Paragon Coin, Inc. ("Paragon"), Egor Lavrov, and Jessica VerSteeg and the filings in support thereof, Plaintiffs' claims against Kalustov should be dismissed.

## ISSUE TO BE DECIDED

Whether Plaintiffs have met their burden to adequately allege that Kalustov is a "seller" of PRG tokens in violation of Section 12(a)(1).

## STATEMENT OF RELEVANT FACTS[1]

David Kalustov is Paragon's Vice President of Business Development.  FAC ¶ 30.  In that role, Plaintiffs allege that Kalustov responded to questions submitted to Paragon's website via the website's chat function by individuals who were interested in potentially purchasing PRG, including questions concerning when PRG would be listed on virtual currency exchanges.  FAC ¶¶ 30, 165.  Plaintiffs' allege that he also made statements to such individuals indicating that PRG could appreciate in value.  *See id*.  Plaintiffs further allege that Kalustov was primarily responsible for oversight of Paragon's customer service team, as well as for responding to questions made via the chat function.  *Id*. ¶¶ 62, 165.

---

[1] Kalustov refers to the Statement of Facts set forth in the Memorandum of Points and Authorities in support of the MTCA (Docket No. 51) as if fully set forth herein.

On January 30, 2018, Plaintiff Davy filed his initial complaint against Paragon and its founders, Jessica VerSteeg and Egor Lavrov, alleging that the sale of PRG violated Sections 12(a)(1) and 15(a) of the Securities Act. On June 22, 2018 Plaintiffs filed the FAC, which added seven new defendants against whom they allege the same Section 12(a)(1) claim, including Kalustov.[2]

## STANDARD OF REVIEW

In order to survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The complaint must allege sufficient facts to support a plausible claim for relief . . . [and] conclusory allegations will not save a complaint from dismissal." *In re China Intelligent Lighting and Electronics, Inc.*, CV 11-2768 PSG, at *2, 2012 WL 12893520 (C.D. Cal. Feb. 16, 2012).

## ARGUMENT

Plaintiffs' claims against Kalustov must be dismissed because Plaintiffs fail to allege that Kalustov solicited any actual purchase of PRG, either by Plaintiffs or by any of the unnamed members of the purported plaintiff class. Even if Plaintiffs had made such an allegation—and they do not—the allegations against Kalustov are also fatally flawed because they do not constitute more than "mere participation" in the sale of PRG and do not rise to the level of liability under Section 12(a)(1).

To state a claim under Section 12(a)(1) of the Securities Act, a plaintiff must allege that the defendant "(1) offer[ed] or [sold] a security in violation of [Section 5]." 15 U.S.C. § 77l(a). As a result, Plaintiffs must allege that Kalustov qualifies as "seller" of securities, commonly known as a "statutory seller." *See, e.g., In re Tezos Securities Litigation*, No. 17-cv-06779-RS, 2018 WL 4293341, at *9 (N.D. Cal. Aug. 7, 2018). A person qualifies as a statutory seller if he either: "(1) passed title of the security to the plaintiff or (2) <u>successfully</u> solicited the purchase when motivated by financial gain." *In re China Intelligent Lighting and Electronics, Inc.*, 2012

---

[2] Within 16 days of filing the FAC, Plaintiffs filed a stipulation voluntarily dismissing defendants Justin Harkema and Crypto Media Group from the FAC.

1  WL 12893520 at *5 (emphasis added).  Thus, to allege that a defendant is a statutory seller, a
2  plaintiff must "allege . . . that the defendant did more than simply urge another to purchase a
3  security; rather, the plaintiff must show that the defendant solicited the purchase of the securities
4  for their own financial gain."  *In re Charles Schwab Corp. Sec. Litigation,* No. C 08–01510
5  WHA, 2010 WL 1445445, at *4 (N.D. Cal. April 8, 2010) (internal quotations omitted).

6   It is not enough to allege that Kalustov merely answered questions from prospective
7  purchasers who are unnamed members of the purported plaintiff class.  Rather, Plaintiffs must
8  allege that Kalustov "personally or directly solicited [the purchase of securities by] any of the
9  named Plaintiffs."  *In re Infonet Services Corp. Securities Litigation*, 310 F. Supp. 2d 1080, 1102
10 (C.D. Cal. 2003) (citing *Shain v. Duff & Phelps Credit Rating Co*., 915 F. Supp. 575, 581
11 (S.D.N.Y. 1996) ("persons are not liable under § 12 for solicitation unless they directly or
12 personally solicit the buyer."); *In re Newbridge Networks Sec. Litig.*, 767 F. Supp. 275, 281
13 (D.D.C. 1991) (holding that defendants cannot be statutory sellers for purposes of Section 12
14 "absent any allegation of direct contact of any kind between defendants and plaintiff-
15 purchasers").

16  Plaintiffs have failed to allege such necessary facts.  Plaintiffs allege only that Kalustov
17 was "involved in responding to questions" through the Website's chat function and that he
18 communicated with "prospective" investors.  FAC ¶¶ 30, 165.  But nowhere do Plaintiffs allege
19 that Kalustov discussed PRG with an <u>actual</u> purchaser of PRG, including Plaintiffs Davy and
20 Holland.  Such allegations are insufficient, and a defendant cannot qualify as a statutory seller
21 sufficient to state a claim under Section 12(a)(1) "in the absence of any buyer-seller contact
22 whatsoever."  *Tezos*,  2018 WL 4293341, at *9.

23  Even if Plaintiffs had alleged that unnamed purported class members purchased PRG after
24 speaking with Kalustov—and they have not—such allegations would be insufficient here where
25 no plaintiff class has been certified.  In this context, the fact that "[s]ome members of the
26 proposed Class purchased shares directly from the [defendants]" is not sufficient to allege that the
27 individual is a statutory seller.  *In re China Intelligent Lighting and Electronics, Inc.*, 2012 WL
28 12893520, at *5.  That is because "the class is only 'proposed' at this time," and there has been no

1    class certification.  *Id.*  Plaintiffs Davy and Holland may not assert claims on behalf of the
2    purported class against defendants they did not interact with solely "because there are potential
3    members of the proposed class who could assert those claims."  *Id*. (citing *Warth v. Seldin*, 422
4    U.S. 490, 502 (1975)); *see also, e.g.*, *In re Orion Securities Litigation*, No. 08 Civ. 1328(RJS),
5    2009 WL 2601952, at *2 (S.D.N.Y. Aug. 20, 2009) (dismissing Section 12(a)(2) action against
6    underwriter defendants where "Plaintiff has not alleged that Plaintiff either directly purchased
7    Orion securities from the Underwriter Defendants or that the Underwriter Defendants
8    successfully solicited such sales."); *Griffin v. PaineWebber, Inc.*, No. 99 Civ. 2292(VM), 2001
9    WL 740764, at *2 (S.D.N.Y. June 29, 2001) (dismissing Section 12(a)(2) action against
10   underwriter defendant where the pleading "describe[d] solicitation activities by [defendant] as
11   they affected other putative plaintiffs, but he does not allege that [defendant] was directly
12   involved in the actual solicitation of his purchase").

13   Finally, even if Plaintiffs had alleged that they purchased PRG after speaking to Kalustov,
14   his alleged actions do not constitute more than "mere participation" in the sale of PRG and do not
15   rise to the level of soliciting investments necessary to state a claim under Section 12(a)(1).

16   As the Supreme Court has held, "mere participation" is not enough to state a claim for
17   soliciting investments in violation of Section 12(a)(1).  *Pinter v. Dahl,* 486 U.S. 622 (1988).
18   Similarly, the Ninth Circuit requires that Plaintiffs "allege and, eventually, prove that the
19   defendant did more than simply urge another to purchase a security." *In re Charles Schwab*
20   *Corp. Sec. Litigation*, 2010 WL 1445445, at *4 (internal citations omitted).  Here, even accepting
21   Plaintiffs' allegation that PRG is a security as true—which it is not (*see* MTCA at 11-15)—
22   Plaintiffs allege, at most, that Kalustov responded to questions sent to him via the chat function
23   with favorable information about PRG, and stated that the supply of PRG was limited and that the
24   token's value could fluctuate as the supply deteriorates.  FAC ¶ 30.  Providing such information
25   does not rise to the level of "solicitation" necessary for a Section 12(a)(1) violation.

26   Courts routinely find that actions that simply relay information to investors but do not
27   solicit a sale fail to state a claim for a violation of Section 12(a).  Indeed, Kalustov's actions are
28   similar to conducting a roadshow, where one "me[ets] with potential investors and money

1  managers and present[s] highly favorable information about the Company," which is commonly
2  found insufficient to allege that an individual solicited investments for purposes of Section
3  12(a).  *See Brody v. Homestore, Inc.*, No. CV02–08068FMCJWJX, 2003 WL 22127108, at *5
4  (C.D. Cal Aug. 8, 2003); *see also Fouad v. Isilon Sys., Inc.*, No. C07-1764 MJP, 2008 WL
5  5412397, at *7 (W.D. Wash. Dec. 29, 2008) ("The Pinter Court expressly rejected the contention
6  that Section 12 imposes liability for 'mere participation' in unlawful sales transactions," which
7  includes participation in a road show).  Courts have also found conference calls with prospective
8  investors insufficient to rise to the "solicitation" necessary to attach Section 12(a) liability.  *See
9  Vanguard Specialized Funds v. VEREIT Inc.*, No. CV-15-02157-PHX-ROS, 2016 WL 5858735,
10 at *17 (D. Ariz. Oct. 3, 2016) ("Conference calls with investors are analogous to road shows, and
11 the Court sees no reason they should be treated any differently. . . Plaintiffs' allegations are
12 insufficient to plead [defendant] is a statutory seller.").  Plaintiffs' allegations that Kalustov was
13 "involved in responding to questions" submitted via chat on Paragon's website is different from
14 participating in road shows and conference calls only in medium, not in substance.

15 Because Plaintiffs do not allege that Kalustov actually communicated with named
16 Plaintiffs Davy or Holland prior to their purchases of PRG, that Kalustov communicated with any
17 actual purchaser of PRG, or that any of his actions rose above the level of "mere participation" in
18 the sale of PRG, their Section 12(a)(1) claims against Kalustov must be dismissed pursuant to
19 Rule 12(b)(6).

20 **CONCLUSION**

21 For the reasons set forth herein Kalustov respectfully requests that the Court dismiss
22 Plaintiff's allegations against him for failure to state a claim.  In the alternative, Kalustov also
23 requests that, for the reasons set forth in the MTCA and other Prior Motion Papers, the Court
24 compel Plaintiffs to arbitrate their claims and either dismiss this action or stay these proceedings
25 pending the completion of arbitration.

26
27
28

Dated:   October 4, 2018

**ALLEN ATTORNEY GROUP**

By: */s/* Kevin R. Allen
Kevin R. Allen (CSB No. 237994)
2121 N. California Blvd, Suite 290
Walnut Creek, CA 94596
Telephone:  925.695.4913
Facsimile:  925.334.7477

**SCHULTE ROTH & ZABEL LLP**

By: */s/* Howard Schiffman
Howard Schiffman (*pro hac vice*)
Charles J. Clark (*pro hac vice*)
1152 15th Street, NW, Suite 850
Washington, DC  20005
Telephone:  202.729.7470
Facsimile:  202.730.4520

*Attorneys for Defendants Paragon Coin, Inc., Jessica VerSteeg, Egor Lavrov, and David Kalustov*