Kevin R. Allen (CSB No. 237994)
Email:  kevin@allenattorneygroup.com
**ALLEN ATTORNEY GROUP**
2121 N. California Blvd, Suite 290
Walnut Creek, CA 94596
Telephone:  925.695.4913
Facsimile:  925.334.7477

Howard Schiffman (*pro hac vice*)
Email:  Howard.Schiffman@srz.com
Charles J. Clark (*pro hac vice*)
Email:  Charles.Clark@srz.com
**SCHULTE ROTH & ZABEL LLP**
901 15th Street, NW, Suite 800
Washington, DC  20005
Telephone:  202.729.7470
Facsimile:  202.730.4520
Attorneys for Defendants
PARAGON COIN, INC., JESSICA VERSTEEG, EGOR LAVROV, DAVID KALUSTOV,
EUGENE BOGORAD, ALEX EMELICHEV, and GARETH RHODES

UNITED STATES DISTRICT COURT
OAKLAND DIVISION
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HOLLAND and ASTLEY DAVY, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiffs,<br><br>          v.<br><br>PARAGON COIN, INC., JESSICA VERSTEEG, EGOR LAVROV, EUGENE "CHUCK" BOGORAD, ALEX EMELICHEV, GARETH RHODES, DAVID KALUSTOV, JAYCEON TERRELL TAYLOR A/K/A "THE GAME,"<br><br>                     Defendants. | Case No. 4:18-cv-00671-JSW<br><br>**DEFENDANTS EUGENE BOGORAD, ALEX EMELICHEV, AND GARETH RHODES' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; JOINDER TO DOCKET NOS. 51-51.7, 62-62.6, 75-75.1, 78.**<br><br>Date:  April 5, 2019<br>Time:  9:00 AM<br>Judge:  The Honorable Jeffrey S. White<br>Courtroom: 5, 2nd Floor |

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2         **PLEASE TAKE NOTICE** that on April 5, 2019 at 9:00 a.m., or as soon thereafter as

3    the matter may be heard before the Honorable Jeffrey S. White, in Courtroom 5, Second Floor, of

4    the United States District Court, Northern District of California, located at 1301Clay Street,

5    Oakland, California 94612, Defendants Eugene Bogorad, Alex Emelichev, and Gareth Rhodes,

6    ("Moving Defendants") will, and hereby do, move this Court for an order dismissing Plaintiffs

7    Astley Davy and Jon Holland's ("Plaintiffs") First Amended Complaint ("FAC"), filed on June

8    22, 2018.

9         This Motion to Dismiss and Joinder to the Notice of Motion and Motion to Compel

10   Arbitration or, in the Alternative Dismiss the FAC made by Paragon Coin, Inc., Jessica VerSteeg,

11   and Egor Lavrov and the Notice of Motion and Motion to Dismiss filed by David Kalustov

12   ("Prior Moving Defendants") is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the

13   grounds that the FAC fails to state a claim upon which relief can be granted, as well as the

14   Federal Arbitration Act, 9 U.S.C. §§ 1 through 4.  Specifically, Moving Defendants hereby:

15        1.  State that the cause of action alleging the sale of unregistered securities fails to state a

16   claim against them because Plaintiffs failed to allege facts sufficient to show that Moving

17   Defendants were "sellers" as required by Section 12(a)(1) of the Securities Act of 1933 (the

18   "Securities Act"); and

19        2.  Join in the Notice of Motion and Motion to Compel Arbitration or, in the Alternative,

20   Dismiss the FAC and the Notice of Motion and Motion to Dismiss made by the Prior Moving

21   Defendants and their submissions in support thereof, including the Prior Moving Defendants'

22   Reply and supporting Declarations (Docket Nos. 51-51.7, 62-62.6, 75-75.1, 78) (collectively, the

23   "Prior Motion Papers").

24        This Motion is based upon this Notice of Motion, the accompanying Memorandum of

25   Points and Authorities, the Prior Motion Papers, the pleadings and files in this action, and on such

26   other matters as may be presented at or before the hearing.

27

28

ALLEN ATTORNEY
GROUP

1    Dated:    February 22, 2019

2                                        **ALLEN ATTORNEY GROUP**

3

4                                        By: */s/ Kevin Allen*
                                         Kevin R. Allen (CSB No. 237994)
5                                        2121 N. California Blvd, Suite 290
                                         Walnut Creek, CA 94596
6                                        Telephone:  925.695.4913
                                         Facsimile:  925.334.7477
7

8                                        **SCHULTE ROTH & ZABEL LLP**

9                                        By: */s/ Howard Schiffman*
                                         Howard Schiffman (*pro hac vice*)
10                                       Charles J. Clark (*pro hac vice*)
                                         901 15th Street, NW, Suite 800
11                                       Washington, DC  20005
                                         Telephone:  202.729.7470
12                                       Facsimile:  202.730.4520

13
                                         *Attorneys for Defendants Paragon Coin, Inc., Jessica*
14                                       *VerSteeg, Egor Lavrov, Eugene Bogorad, Alex*
                                         *Emelichev, Gareth Rhodes and David Kalustov*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### PRELIMINARY STATEMENT

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

    In their First Amended Complaint ("FAC"), Plaintiffs dragged seven new defendants in to this case even though their claims that the defendants sold unregistered securities in violation of Section 12(a)(1) of the Securities Act were already bloated and unsupported by the facts.  As the Prior Moving Defendants have already demonstrated, Plaintiffs' claims are subject to a mandatory arbitration clause, and, therefore, were inappropriately brought before this Court. Furthermore, Plaintiffs' FAC fails to allege the most basic elements of a securities violation, namely that PRG is a security.  Furthermore, the claims against the newly added Moving Defendants, as well as defendant David Kalustov, who previously moved to dismiss the FAC, suffer another fatal flaw in that Plaintiffs failed to allege that any of these individuals actually "sold" PRG as required by Section 12(a)(1).  The actions that Plaintiffs attribute to those newly added defendants amount to nothing more than "assistance" or "mere participation" in the sale of PRG, and, therefore, the conduct alleged cannot constitute a securities violation.  For those reasons, as well as the reasons set forth in the Motion to Compel Arbitration or, in the Alternative, Dismiss ("MTCA") previously filed by Defendants Paragon Coin, Inc. ("Paragon"), Egor Lavrov, and Jessica VerSteeg and the filings in support thereof and in the Motion to Dismiss ("MTD") filed by Defendant Kalustov and the filings in support thereof, Plaintiffs' claims against the Moving Defendants should be dismissed.

19

### ISSUE TO BE DECIDED

20
21

    Whether Plaintiffs have met their burden to adequately allege that the Moving Defendants are "sellers" of PRG tokens in violation of Section 12(a)(1).

22

### STATEMENT OF RELEVANT FACTS[1]

23
24
25

    Plaintiffs allege that the Moving Defendants held supportive roles at Paragon during the launch of Paragon's ICO.  Specifically, Plaintiffs allege that Eugene Bogorad was Paragon's Chief Strategy Officer (FAC ¶¶ 27, 148) and that Alex Emelichev and Gareth Rhodes were

26

27
28

---

[1] Moving defendants refer to the Statement of Facts set forth in the Memorandum of Points and Authorities in support of the MTCA (Dkt. No. 51) and the Memorandum of Points and Authorities in support of the MTD (Dkt. No. 75) as if fully set forth herein.

1  Paragon's Chief Business Officers for Europe, the Middle East, and Africa markets (FAC ¶¶ 28-
2  29, 156, 161).  Plaintiffs allege that as a part of these roles the Moving Defendants carried out
3  responsibilities such as negotiating marketing contracts and commenting on drafts of Paragon's
4  White Paper.  (FAC ¶¶ 149-54, 157, 161).  The FAC also describes the Moving Defendants'
5  efforts to seek guidance and approval from other employees at Paragon in carrying out these
6  responsibilities.  (FAC ¶¶ 146, 152-54, 160-61).  Additionally, Plaintiffs allege that Rhodes and
7  Emelichev communicated directly with "potential and actual" purchasers, specifically that
8  Emelichev communicated with a prior purchaser of PRG in order to issue him a refund and
9  Rhodes communicated with an individual to answer a question about PRG.  (FAC ¶¶ 158-60,
10  163).

11  On January 30, 2018, Plaintiff Davy filed his initial complaint against Paragon and its
12  founders, Jessica VerSteeg and Egor Lavrov, alleging that the sale of PRG violated Sections
13  12(a)(1) and 15(a) of the Securities Act.  On June 22, 2018 Plaintiffs filed the FAC, which added
14  seven new defendants against whom they allege the same Section 12(a)(1) claim, including the
15  Moving Defendants.[2]

**STANDARD OF REVIEW**

16
17  In order to survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must allege "enough facts
18  to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.
19  544, 570 (2007).  "The complaint must allege sufficient facts to support a plausible claim for
20  relief . . . [and] conclusory allegations will not save a complaint from dismissal." *In re China*
21  *Intelligent Lighting and Electronics, Inc.*, CV 11-2768 PSG, at *2, 2012 WL 12893520 (C.D. Cal.
22  Feb. 16, 2012).

**ARGUMENT**

23
24  Plaintiffs' claims against the Moving Defendants must be dismissed because Plaintiffs
25  have failed to allege any violations of the securities laws.  First, as Defendants have already
26  shown, Plaintiffs have failed to show that PRG is a security, and therefore, any sale of PRG

27
28  [2] Within 16 days of filing the FAC, Plaintiffs filed a stipulation voluntarily dismissing defendants Justin Harkema and Crypto Media Group from this action.

cannot constitute a sale of an unregistered security as required by Section 12(a)(1).  *See* MTCA at 11-14.  Second, Plaintiffs have failed to alleged facts sufficient to show that the Moving Defendants are statutory sellers, a required element of Section 12(a)(1).  Plaintiffs mistakenly believe that comments on drafts of the White Paper, coordinating contracts with third-party marketing agencies, and answering questions on Paragon's website's chat function are sufficient to establish solicitations to investors.  Plaintiffs are wrong.  That alleged conduct constitutes "mere participation" or "assistance" in another's efforts to solicit a purchase and is insufficient to state a claim under Section 12(a)(1).

To state a claim under Section 12(a)(1) of the Securities Act, a plaintiff must allege that the defendant "offer[ed] or [sold] a security in violation of [Section 5]."  15 U.S.C. § 77l(a).  As a result, Plaintiffs must allege that the Moving Defendants qualify as "sellers" of securities, commonly known as "statutory sellers."  *See, e.g.*, *In re Tezos Securities Litigation*, No. 17-cv-06779-RS, 2018 WL 4293341, at *9 (N.D. Cal. Aug. 7, 2018).  A person qualifies as a statutory seller if he either: "(1) passed title of the security to the plaintiff or (2) <u>successfully</u> solicited the purchase when motivated by financial gain."  *In re China Intelligent Lighting and Electronics, Inc.*, 2012 WL 12893520 at *5 (emphasis added).  Thus, to allege that a defendant is a statutory seller, a plaintiff must "allege . . . that the defendant did more than simply urge another to purchase a security; rather, the plaintiff must show that the defendant solicited the purchase of the securities for their own financial gain."  *In re Charles Schwab Corp. Sec. Litigation,* No. C 08–01510 WHA, 2010 WL 1445445, at *4 (N.D. Cal. April 8, 2010) (internal quotations omitted).

First, Plaintiffs' allegations regarding the Moving Defendants' direct communications with "potential and actual" purchasers do not constitute solicitations.  In order to show that the Moving Defendants solicited an investment, Plaintiffs must allege that the Moving Defendants "personally or directly solicited [the purchase of securities by] any of the named Plaintiffs."  *In re Infonet Services Corp. Securities Litigation*, 310 F. Supp. 2d 1080, 1102 (C.D. Cal. 2003) (citing *Shain v. Duff & Phelps Credit Rating Co.*, 915 F. Supp. 575, 581 (S.D.N.Y. 1996) ("persons are not liable under § 12 for solicitation unless they directly or personally solicit the buyer"); *In re Newbridge Networks Sec. Litig.*, 767 F. Supp. 275, 281 (D.D.C. 1991) (holding that defendants

1    cannot be statutory sellers for purposes of Section 12 "absent any allegation of direct contact of

2    any kind between defendants and plaintiff-purchasers").

3        Plaintiffs' allegation as to the Moving Defendants fail to meet this standard.  As

4    Defendants previously demonstrated, in the context of an uncertified class, Plaintiffs are required

5    to show that a seller directly solicited an investment from one of the named plaintiffs.  *See* MTD

6    at 3-4.  Plaintiffs' allegations as to Bogorad are utterly deficient, as Plaintiffs failed to allege that

7    he ever communicated directly with any potential or actual purchasers, much less Davy or

8    Holland.  As for Emelichev and Rhodes, Plaintiffs likewise fail to allege that they ever

9    communicated with Holland or Davy and therefore necessarily fail to allege that Emelichev and

10    Rhodes are statutory sellers.  Even if the Court were to consider the two examples of direct

11    communications with purported "actual and potential" purchasers alleged in the FAC, neither

12    example constitutes a solicitation of an investment.  (FAC ¶¶ 158-60, 163.)  Plaintiffs' allegations

13    regarding Emelichev recount an alleged conversation he had with an existing purchaser of PRG,

14    whose purchase was completed prior to the alleged communication with Emelichev and, as

15    Plaintiffs admit, the communication ultimately resulted in a refund of the purchase of PRG.

16    (FAC ¶¶ 158-60.)  As for Rhodes, Plaintiffs allege that he answered a basic question from a

17    "potential investor" through the chat function about whether PRG would be listed on a certain

18    cryptocurrency exchange.  (FAC ¶ 163.)  Answering questions on Paragon's chat function cannot

19    itself constitute a solicitation, particularly where Plaintiffs do not allege that the individual ever

20    purchased PRG.  *See* MTD at 3-5.  Such allegations are wholly insufficient to establish that the

21    Moving Defendants sold PRG in violation of the securities laws.  *See id.*

22        Second, Plaintiffs cannot tie allegations that the Moving Defendants commented on drafts

23    of Paragon's White Paper and assisted in negotiating marketing contracts on behalf of Paragon to

24    satisfy their burden to allege acts of solicitation by the Moving Defendants.  The Moving

25    Defendants' alleged actions fall squarely into the category of activities that the Supreme Court

26    and other courts routinely have found to constitute "assistance" and "mere participation" in

27    another's solicitation efforts, which are insufficient to state a claim for soliciting investments in

28    violation of Section 12(a)(1).  *See Pinter v. Dahl*, 486 U.S. 622 (1988).  Even accepting

Plaintiffs' allegation that PRG is a security as true—which it is not—Plaintiffs allege, at most, that the Moving Defendants "assist[ed] in another's solicitation efforts." *Moore v. Kayport Package Exp., Inc*., 885 F.2d 531, 535 (9th Cir. 1989) (quoting *Pinter*, 486 at 651 n.27); *see also In re Worlds of Wonder Sec. Litig.*, 694 F. Supp. 1427, 1435 (N.D. Cal. 1988) (finding that officers and directors were not "sellers" despite their participation in finalizing the registration statement because such actions did not demonstrate that defendants "solicited the purchase of the securities at issue") (internal citations omitted).

*Pinter* and its progeny have specifically addressed the types of actions alleged by the Plaintiffs here and have found that these acts constitute "assistance" and "mere participation" rather than the act of selling a security.  For example, in *Moore*, the Court found that actions of a company's lawyers, which included "participat[ing] in meetings where the prospectuses and other promotional materials were drafted, [giving] advice and counsel to the owner defendants in preparing prospectuses and other promotional materials [and allowing their] name to be used on promotional materials . . ." were not sufficient to allege that the defendants were sellers of securities.  *Moore*, 885 F.2d at 536-37; *see also Rocchio v. Eagle Mission, Inc.*, No. 91-56111, 1993 WL 51193, at *2 (9th Cir. Feb. 26, 1993) (finding that a lawyer who drafted documents necessary for the sale, attended sales meetings with actual investors, and made statements to actual investors agreeing with the statements made by the seller of the security was not a seller of securities).

Plaintiffs' allegations as to the Moving Defendants do not even approximate the conduct found insufficient in *Moore* and *Rocchio*.  For example, Plaintiffs allege that the Moving Defendants provided comments on drafts of the White Paper and other marketing pieces and assisted in negotiating contracts with third-party marketing companies.  Those allegations constitute far less direct involvement in the sale of PRG than the conduct in *Moore* and *Rocchio*, and are nearly identical to conduct that courts have consistently found insufficient to make an individual a seller.  *See City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*, 928 F. Supp. 2d 705, 720 (S.D.N.Y. 2013) (finding that executives and directors of a company were not statutory sellers despite the fact that they signed the registration statement because such acts did not

constitute solicitation)*; Lopes v. Vieira*, 543 F. Supp. 2d 1149, 1171 (E.D. Cal. 2008) (finding that an attorney was not a statutory seller despite his "collaborative effort [in] the preparation of the business plan and the Offering Memorandum" because such actions did not involve the "the solicitation of investments"); *In re Gas Reclamation, Inc. Securities Litigation*, 733 F. Supp. 713, 723 (S.D.N.Y. 1990) (applying *Pinter* and holding that a defendant was not a statutory seller despite participating in sales meetings because those actions "merely assist[ed] in another's solicitation efforts" where there was minimal contact with investors and his statement to an investor that the investment was a "good deal" constituted assistance of another's solicitation efforts) (internal citations omitted); *Shaw v. Digital Equip. Corp*., 82 F.3d 1194, 1215 (1st Cir. 1996) ("a person's remote involvement in a sales transaction or his mere participation in soliciting the purchase does not subject him to Section 12 liability") (internal citations omitted), *abrogated on other grounds by* 15 U.S.C. § 78u-4(b)(2).

Because Plaintiffs do not allege that the Moving Defendants actively or directly solicited investments from any actual investors—much less the named Plaintiffs Davy or Holland—or that any of their actions rose above the level of "mere participation" in the sale of PRG, their Section 12(a)(1) claims against the Moving Defendants must be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the reasons set forth herein the Moving Defendants respectfully request that the Court dismiss Plaintiffs' allegations against them for failure to state a claim.  In the alternative, the Moving Defendants request that, for the reasons set forth in the MTCA and other Prior Motion Papers, the Court compel Plaintiffs to arbitrate their claims and either dismiss this action or stay these proceedings pending the completion of arbitration.

1    Dated:    February 22, 2019

2                                                    **ALLEN ATTORNEY GROUP**

3

4                                                    By: */s/ Kevin Allen*
                                                     Kevin R. Allen (CSB No. 237994)
5                                                    2121 N. California Blvd, Suite 290
                                                     Walnut Creek, CA 94596
6                                                    Telephone:  925.695.4913
                                                     Facsimile:  925.334.7477
7
                                                     **SCHULTE ROTH & ZABEL LLP**
8

9                                                    By: */s/ Howard Schiffman*
                                                     Howard Schiffman (*pro hac vice*)
10                                                   Charles J. Clark (*pro hac vice*)
                                                     901 15th Street, NW, Suite 800
11                                                   Washington, DC  20005
                                                     Telephone:  202.729.7470
12                                                   Facsimile:  202.730.4520

13                                                   *Attorneys for Defendants Paragon Coin, Inc., Jessica*
                                                     *VerSteeg, Egor Lavrov, Eugene Bogorad, Alex*
14                                                   *Emelichev, Gareth Rhodes and David Kalustov*

15

16

17

18

19

20

21

22

23

24

25

26

27

28