MARTIN GLICKFELD
State Bar No. 95346
LAW OFFICES OF MARTIN GLICKFELD
2133 Lombard Street at Fillmore
San Francisco, CA  94123
Telephone:  (415) 441-7491
Facsimile:  (415) 441-7493
Email:  martin14@prodigy.net

Attorney for Defendant
DAVID KALUSTOV

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JON HOLLAND AND ASTLEY DAVY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs<br><br>v.<br><br>PARAGON COIN, INC., JESSICA VERSTEEG, EGOR LAVROV, EUGENE "CHUCK" BOGORAD, ALEX EMELICHEV, GARTH RHODES, DAVID KALUSTOV, AND JAYCEON TERRELL TAYLOR A/K/A "THE GAME,'<br><br>Defendants. | Case No.: 18-CV-00671-JSW<br><br>**DEFENDANT DAVID KALUSTOV'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     November 1, 2019<br>Time:    9:00 AM<br>Judge:   Hon. Jeffrey S. White<br>Courtroom" 5, 2nd Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 1, 2019, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jeffrey S. White, in Courtroom 5, Second Floor, of the United States District Court, Northern District of California, located at 1301Clay Street, Oakland, California 94612, Defendant David Kalustov, ("Moving Defendant" or "Kalustov") will, and hereby does, move this Court for an order dismissing Plaintiffs Astley

**DEFENDANT DAVID KALUSTOV'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1

Davy and Jon Holland's ("Plaintiffs") Second Amended Complaint ("SAC"), filed on June 10, 2019. This Motion to Dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the FAC fails to state a claim upon which relief can be granted.  Specifically, Moving Defendant asserts:

    1.     That the causes of action alleging the sale of unregistered securities fail to state a claim against Kalustov because Plaintiffs fail to allege facts sufficient to show that Kalustov was a "seller" as required by Section 12(a)(1) of the Securities Act of 1933 (the "Securities Act").

    2.    That Plaintiffs have failed to allege facts sufficient to show that Kalustov violated California Corporations Code section 25110

    3.    That Plaintiffs have failed to allege facts sufficient to show that Kalustov violated California Business and Professions Code section 17533.6 (a).

    4.    That Plaintiffs have failed to allege facts sufficient to state a claim in quasi-contract for unjust enrichment.

    This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Prior Motion Papers, the pleadings and files in this action, and on such other matters as may be presented at or before the hearing.

Respectfully submitted,

LAW OFFICES OF MARTIN GLICKFELD

Date:  September 2, 2019

By: /s/ Martin Glickfeld
Martin Glickfeld (CSB 95346)
2133 Lombard Street
San Francisco, CA  94123
Telephone:  (415) 441-7491
Facsimile:  (415) 441-7493
Email:  martin14@prodigy.net

*Attorneys for Defendant David Kalustov*

DEFENDANT DAVID KALUSTOV'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

2

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

ISSUES TO BE DECIDED ..........................................................................................................1

STATEMENT OF RELEVANT FACTS ......................................................................................2

STANDARD OF REVIEW ...........................................................................................................2

ARGUMENT .................................................................................................................................2

CONCLUSION ..............................................................................................................................6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................................2

*Brody v. Homestore, Inc.*,
   No. CV02–08068FMCJWJX, 2003 WL 22127108, at *5 (C.D. Cal Aug. 8, 2003)................5

*Fouad v. Isilon Sys., Inc.*,
   No. C07-1764 MJP, 2008 WL 5412397, at *7 (W.D. Wash. Dec. 29, 2008) .........................5

*Griffin v. PaineWebber, Inc.*
   No. 99 Civ. 2292(VM), 2001 WL 740764, at *2 (S.D.N.Y. June 29, 2001).............................4

*In re Charles Schwab Corp. Sec. Litigation*
   No. C 08–01510 WHA, 2010 WL 1445445, at *4 (N.D. Cal. April 8, 2010)......................3, 5

*In re China Intelligent Lighting and Electronics, Inc.*
   CV 11-2768 PSG, at *2, 2012 WL 12893520 (C.D. Cal. Feb. 16, 2012) .........................2, 3, 4

*In re Infonet Services Corp. Securities Litigation*
   310 F. Supp. 2d 1080 (C.D. Cal. 2003) (citing *Shain v. Duff & Phelps Credit Rating Co.*, 915
   F. Supp. 575, 581 (S.D.N.Y. 1996) .........................................................................................3

*In re Newbridge Networks Sec. Litig.*
   767 F. Supp. 275 (D.D.C. 1991)..............................................................................................3

*In re Orion Securities Litigation*
   *No. 08 Civ. 1328(RJS), 2009 WL 2601952, at *2 (S.D.N.Y.* Aug. 20, 2009) ..........................4

*In re Tezos Securities Litigation*
   No. 17-cv-06779-RS, 2018 WL 4293341, at *9 (N.D. Cal. Aug. 7, 2018)..............................3

*Pinter v. Dahl*,
   486 U.S. 622 (1988)...............................................................................................................4, 5

*Vanguard Specialized Funds v. VEREIT Inc.*,
   No. CV-15-02157-PHX-ROS, 2016 WL 5858735, at *17 (D. Ariz. Oct. 3, 2016) ..................5

**Statutes**

California Business and Professions Code § 17533.6(a) ...................................................................8

California Corporations Code § 25110 ..............................................................................................8

California Corporations Code § 25110 ..............................................................................................3

DEFENDANT DAVID KALUSTOV'S NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
ii

Section 12(a)(1) ........................................................................................................................passim

**Rules**

Rule 12(b)(6)..................................................................................................................................4, 8

**PRELIMINARY STATEMENT**

Nearly six months after filing their initial complaint in this action, Plaintiffs named David Kalustov and six other individuals as new defendants in this action based on their purported role in selling PRG tokens ("PRG"), which Plaintiffs claim are unregistered securities sold in violation of Section 12(a)(1) of the Securities Act.  However, Plaintiffs fail to allege any linkage between any of Kalustov's purported actions in supporting sales of PRG and any actual purchase of PRG, whether by the named Plaintiffs or anyone else.  Even if Plaintiffs did allege that Kalustov solicited an actual PRG purchaser—and they do not—their allegations fail because they assert only that Kalustov answered questions and provided favorable information concerning PRG which, without more, is insufficient to state a claim against a person in Kalustov's position.

Further, in addition to alleging a claim for securities violation, under Federal and State law, Plaintiffs assert additional claims against the "Paragon Defendants", which purportedly include Kalustov. These claims assert violation of California Business and Professions Code section 175333.6 (a) and an equitable claim for unjust enrichment. The SAC contains no specific allegations against Kalustov as to these claims. The SAC does not allege that Kalustov claimed that PRG tokens were SEC compliant. The SAC asserts that these representations were made by other defendants. Further, there are no allegations in the SAC articulating or identifying how Kalustov was purportedly unjustly enriched.

For these reasons, Plaintiffs' claims against Kalustov should be dismissed.

**ISSUES TO BE DECIDED**

1. Whether Plaintiffs have met their burden to adequately allege that Kalustov is a "seller" of PRG tokens in violation of Section 12(a)(1) or California Corporations Code section 25110.

2. Whether Kalustov violated California Business and Professions Code section 17533.6(a).

3. Whether the SAC states a claim against Kalustov for unjust enrichment.

## STATEMENT OF RELEVANT FACTS

Plaintiffs allege that Kalustov was involved in responding to questions submitted to Paragon's website via the website's chat function by individuals who were interested in potentially purchasing PRG, including questions concerning when PRG would be listed on virtual currency exchanges. Plaintiffs' allege that Kalustov also made statements to such individuals indicating that PRG could appreciate in value. (See paragraphs 44, 130 and 260-264 of the SAC.) Kalustov refers to the Statement of Facts set forth in the Memorandum of Points and Authorities in support of the MTCA (Docket No. 51) as if fully set forth herein.

On January 30, 2018, Plaintiff Davy filed his initial complaint against Paragon and its founders, Jessica VerSteeg and Egor Lavrov, alleging that the sale of PRG violated Sections 12(a)(1) and 15(a) of the Securities Act. On June 22, 2018 Plaintiffs filed the FAC, which added seven new defendants against whom they allege the same Section 12(a)(1) claim, including Kalustov.

## STANDARD OF REVIEW

In order to survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The complaint must allege sufficient facts to support a plausible claim for relief . . . [and] conclusory allegations will not save a complaint from dismissal*.*" *In re China Intelligent Lighting and Electronics, Inc.,* CV 11-2768 PSG, at *2, 2012 WL 12893520 (C.D. Cal. Feb. 16, 2012).

## ARGUMENT

**Plaintiffs' claims against Kalustov must be dismissed because Plaintiffs fail to allege that Kalustov solicited any actual purchase of PRG, either by Plaintiffs or by any of the unnamed members of the purported plaintiff class. Even if Plaintiffs had made such an allegation—and they do not—the allegations against Kalustov are also fatally flawed because they do not constitute more than "mere participation" in the sale of PRG and do not rise to the level of liability under Section 12(a)(1). Further, plaintiffs have alleged no**

DEFENDANT DAVID KALUSTOV'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

2

1  **facts establishing that Kalustov violated the California Corporations Code, the California**
2  **Business and Professions Code or that he was unjustly enriched.**

3    To state a claim under Section 12(a)(1) of the Securities Act, a plaintiff must allege that
4  the defendant "(1) offer[ed] or [sold] a security in violation of [Section 5]." 15 U.S.C. § 77l(a).

5    Plaintiffs must allege that Kalustov qualifies as a "seller" of securities, commonly
6  known as a "statutory seller." See, e.g., *In re Tezos Securities Litigation*, No. 17-cv-06779-RS,
7  2018 WL 4293341, at *9 (N.D. Cal. Aug. 7, 2018). A person qualifies as a statutory seller if he
8  either: "(1) passed title of the security to the plaintiff or (2) **successfully** solicited the purchase
9  when motivated by financial gain." *In re China Intelligent Lighting and Electronics, Inc.,* 2012
10 2 WL 12893520 at *5 (emphasis added). Thus, to allege that a defendant is a statutory seller, a
11 plaintiff must "allege . . . that the defendant did more than simply urge another to purchase a
12 security; rather, the plaintiff must show that the defendant solicited the purchase of the
13 securities for their own financial gain." *In re Charles Schwab Corp. Sec. Litigation,* No. C 08–
14 01510 WHA, 2010 WL 1445445, at *4 (N.D. Cal. April 8, 2010) (internal quotations omitted).

15    It is not enough to allege that Kalustov merely answered questions from prospective
16 purchasers, who are unnamed members of the purported plaintiff class. Rather, Plaintiffs must
17 allege that Kalustov "personally or directly solicited [the purchase of securities by] any of the
18 named Plaintiffs." *In re Infonet Services Corp. Securities Litigation,* 310 F. Supp. 2d 1080,
19 1102 (C.D. Cal. 2003) (citing *Shain v. Duff & Phelps Credit Rating Co.*, 915 F. Supp. 575, 581
20 (S.D.N.Y. 1996) ("persons are not liable under § 12 for solicitation unless they directly or
21 personally solicit the buyer."); *In re Newbridge Networks Sec. Litig.*, 767 F. Supp. 275, 281
22 (D.D.C. 1991) (holding that defendants cannot be statutory sellers for purposes of Section 12
23 "absent any allegation of direct contact of any kind between defendants and plaintiff
24 purchasers").

25    Plaintiffs have failed to allege such necessary facts. Plaintiffs allege only that Kalustov
26 was "involved in responding to questions" through the Website's chat function and that he
27 communicated with "prospective" investors. SAC ¶¶ 44,130,261-264. Nowhere do Plaintiffs
28 allege that Kalustov discussed PRG with an actual purchaser of PRG, including Plaintiffs Davy

and Holland.  The allegations in the SAC, directed at Kalustov are insufficient- a defendant cannot qualify as a statutory seller sufficient to state a claim under Section 12(a)(1) "in the absence of any buyer-seller contact whatsoever." *Tezos*, 2018 WL 4293341, at *9.

Even if Plaintiffs had alleged that unnamed purported class members purchased PRG after speaking with Kalustov—and they have not—such allegations would be insufficient here where no plaintiff class has been certified.  In this context, the fact that "[s]ome members of the proposed Class purchased shares directly from the [defendants]" is not sufficient to allege that the individual is a statutory seller.  *In re China Intelligent Lighting and Electronics, Inc.,* 2012 WL 12893520, at *5.  That is because "the class is only 'proposed' at this time," and there has been no class certification.  Id.  Plaintiffs Davy and Holland may not assert claims on behalf of the purported class against defendants they did not interact with solely "because there are potential members of the proposed class who could assert those claims." Id. (citing *Warth v. Seldin,* 422 U.S. 490, 502 (1975)); see also, e.g., *In re Orion Securities Litigation,* No. 08 Civ. 1328(RJS), 2009 WL 2601952, at *2 (S.D.N.Y. Aug. 20, 2009) (dismissing Section 12(a)(2) action against underwriter defendants where "Plaintiff has not alleged that Plaintiff either directly purchased Orion securities from the Underwriter Defendants or that the Underwriter Defendants successfully solicited such sales."); *Griffin v. PaineWebber, Inc.*, No. 99 Civ. 2292(VM), 2001 WL 740764, at *2 (S.D.N.Y. June 29, 2001) (dismissing Section 12(a)(2) action against underwriter defendant where the pleading "describe[d] solicitation activities by [defendant] as they affected other putative plaintiffs, but he does not allege that [defendant] was directly involved in the actual solicitation of his purchase").

Finally, even if Plaintiffs had alleged that they purchased PRG after speaking to Kalustov, his alleged actions do not constitute more than "mere participation" in the sale of PRG and do not rise to the level of soliciting investments necessary to state a claim under Section 12(a)(1).

As the Supreme Court has held, "mere participation" is not enough to state a claim for soliciting investments in violation of Section 12(a)(1).  *Pinter v. Dahl,* 486 U.S. 622 (1988).

**DEFENDANT DAVID KALUSTOV'S NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
4

Similarly, the Ninth Circuit requires that Plaintiffs "allege and, eventually, prove that the defendant did more than simply urge another to purchase a security." *In re Charles Schwab Corp. Sec. Litigation*, 2010 WL 1445445, at *4 (internal citations omitted).  Here, even accepting Plaintiffs' allegation that PRG is a security as true—which it is not (see MTCA at 11-15)—Plaintiffs allege, at most, that Kalustov responded to questions sent to him via the chat function with favorable information about PRG, and stated that the supply of PRG was limited and that the token's value could fluctuate as the supply deteriorates.   Providing such information does not rise to the level of "solicitation" necessary for a Section 12(a)(1) violation.

Kalustov's actions are similar to conducting a roadshow, where one "me[ets] with potential investors and money managers and present[s] highly favorable information about the Company," which is commonly found insufficient to allege that an individual solicited investments for purposes of Section 12(a).   See *Brody v. Homestore, Inc.,* No. CV02–08068FMCJWJX, 2003 WL 22127108, at *5 (C.D. Cal Aug. 8, 2003); see also *Fouad v. Isilon Sys., Inc.,* No. C07-1764 MJP, 2008 WL 5412397, at *7 (W.D. Wash. Dec. 29, 2008) ("The *Pinter* Court expressly rejected the contention that Section 12 imposes liability for 'mere participation' in unlawful sales transactions," which includes participation in a road show). Courts have also found conference calls with prospective investors insufficient to rise to the "solicitation" necessary to attach Section 12(a) liability.  See *Vanguard Specialized Funds v. VEREIT Inc.,* No. CV-15-02157-PHX-ROS, 2016 WL 5858735, at *17 (D. Ariz. Oct. 3, 2016) ("Conference calls with investors are analogous to road shows, and the Court sees no reason they should be treated any differently. . . Plaintiffs' allegations are insufficient to plead [defendant] is a statutory seller.").  Plaintiffs' allegations that Kalustov was "involved in responding to questions" submitted via chat on Paragon's website is no different, in substance, from alleging participation in road shows or conference calls. Accordingly, the conduct which Plaintiffs attribute to  Kalustov, even if true, is legally insufficient to state a claim.

Because Plaintiffs do not allege that Kalustov actually communicated with named Plaintiffs Davy or Holland prior to their purchases of PRG, or that Kalustov communicated with any actual purchaser of PRG, or that any of his actions rose above the level of "mere

participation" in the sale of PRG, their Section 12(a)(1) claims against Kalustov must be dismissed pursuant to Rule 12(b)(6).

To the extent Plaintiffs are claiming that Kalustov is a "Paragon Defendant", Plaintiffs claim that said defendants violated California Corporations Code § 25110 and California Business and Professions Code § 17533.6(a) and, finally, that said defendants were unjustly enriched.

First, the same arguments which pertain to Kalustov's alleged violation of Section 12(a)(1) claim apply to the alleged violation of the synonymous State statute—the State law claim is the equivalent of the alleged 12(a)(1) claim. So, that claim fails.

Second, Plaintiffs have taken great care to specifically identify which defendant did what in their lengthy SAC. The SAC contains distinct paragraphs relating to each defendant, alleging the conduct allegedly engaged in by that defendant. While there are allegations in the SAC alleging that other defendants made specific representations that the PRG tokens were SEC compliant, the SAC does not allege or assert that Kalustov made any such representations. Thus, the SAC fails to state any facts to support the alleged claim against Kalustov for violation of the California Business and Professions Code.

Finally, there are no allegations at all in the SAC which identify whether Kalustov was unjustly enriched, or how, or which would articulate or support such a claim.

## CONCLUSION

For the reasons set forth herein Kalustov respectfully requests that the Court dismiss Plaintiff's allegations and claims against him for failure to state a claim.

Respectfully submitted,

LAW OFFICES OF MARTIN GLICKFELD

Date:  September 2, 2019

By: /s/ Martin Glickfeld
Martin Glickfeld (CSB 95346)
2133 Lombard Street
San Francisco, CA  94123
Telephone:  (415) 441-7491
Facsimile:  (415) 441-7493
Email:  martin14@prodigy.net
*Attorneys for Defendant David Kalustov*