1  Rosemary M. Rivas (State Bar No. 209147)
   Email: rrivas@zlk.com
2  Rosanne L. Mah (State Bar No. 242628)
   Email: rmah@zlk.com
3  **LEVI & KORSINSKY, LLP**
   388 Market Street, Suite 1300
4  San Francisco, California 94111
   Telephone: (415) 373-1671
5  Facsimile: (415) 484-1294

6  Donald J. Enright (admitted *pro hac vice*)
   Email: denright@zlk.com
7  **LEVI & KORSINSKY, LLP**
   1101 30th St., NW, Ste. 115
8  Washington, DC 20007
   Telephone: (202) 524-4292
9  Facsimile: (212) 363-7171

10 Eduard Korsinsky (to be admitted *pro hac vice*)
   Email: ek@zlk.com
11 **LEVI & KORSINSKY, LLP**
   55 Broadway, 10th Floor
12 New York, NY 10006
   Telephone: (212) 363-7500
13 Facsimile: (212) 636-7171

14 *Attorneys for Lead Plaintiff Jon Holland
   and Plaintiff Astley Davy*
15

16                    **UNITED STATES DISTRICT COURT**

17              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

18                          **OAKLAND DIVISION**

| | |
|---|---|
| JON HOLLAND and ASTLEY DAVY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> PARAGON COIN, INC., JESSICA VERSTEEG, EGOR LAVROV, BLACK RABBIT HOLDINGS, EUGENE "CHUCK" BOGORAD, ALEX EMELICHEV, GARETH RHODES, VADYM KURYLOVICH, AND JAYCEON TERRELL TAYLOR A/K/A/ "THE GAME", <br><br> Defendants. | Case No. 4:18-cv-00671-JSW <br><br> **PLAINTIFFS' PROPOSED CLASS NOTICE PLAN** <br><br> Judge:  Hon. Jeffrey S. White <br> Crtrm.:  5, 2nd Floor |

**INTRODUCTION AND STANDARD FOR CLASS NOTICE**

Pursuant to this Court's Order on June 24, 2020 (the "Class Certification Order") (ECF No. 164) which granted Lead Plaintiff's Motion for Class Certification (ECF No. 156), the Court appointed Lead Plaintiff Jon Holland ("Holland"), along with additional Plaintiff Astley Davy ("Davy," together with Holland, "Plaintiffs") respectfully submit this Proposed Class Notice Plan for informing the public, investors, and potential claimants of this Class Action.[1]

The proposed Notice and Summary Notice, attached as **Exhibits A** and **B** respectively to this Proposed Class Notice Plan, satisfy due process, the federal rules, and the PSLRA. Rule 23(c)(2)(B) requires notice of the pendency of the class action to be "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2). It must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974) (same).

A notice plan need not be fool-proof, and need not achieve 100% appraisal of the prospective Class in order to be a sufficient plan under Rule 23 and Due Process. *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (finding that notice need not reach every class member to constitute the best possible notice under the circumstances and to bind class members). Indeed, "'[rule 23] does not insist on actual notice to all class members in all cases' and 'recognizes it might be impossible to identify some class members for purposes of actual notice.'" *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017) (citations omitted). Therefore, notice by publication is appropriate

---

[1] The Class certified and amended by the Court's Class Certification Order is as follows: All persons or entities who purchased PRG Tokens directly from Defendants during Paragon's "official" initial coin offering from approximately August 15, 2017 through October 15, 2017, inclusive (the "Class Period) who have been, are being, and/or will be harmed by Defendants' actions thereby and described in the motion for class certification and in the Second Amended Complaint. Excluded from the Class are: (i) Defendants; (ii) the Individual Defendants' immediate family members; (iii) any person who was an officer or director of the Company during the Class Period; (iv) any firm, trust, corporation, or other entity in which a Defendant has or had a controlling interest; and (v) the legal representatives, affiliates, heirs, successors in-interest, or assigns of any such excluded person or entity. *See* Class Certification Order at 4.

under Due Process and Rule 23 where the names and addresses of class members cannot be determined by reasonable efforts. *See Mullane*, 339 U.S. 306, 317 ("This Court has not hesitated to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning."). Consequently, "[w]hen individual notice by mail is not possible, courts may use alternative means such as notice through third parties, paid advertising, and/or posting in places frequented by class members, all without offending due process. Courts have routinely held that notice by publication in a periodical, on a website, or even at an appropriate physical location is sufficient to satisfy due process." *See Briseno,* 844 F.3d 1121, 1123, 1129 (citing *Hughes v. Kore of Ind. Enter., Inc.*, 731 F.3d 672, 676-77 (7th Cir. 2013); *Juris v. Inamed Corp.*, 685 F.3d 1294, 1319 (11th Cir. 2012)).

## **THE PROPOSED NOTICE PLAN**

Plaintiffs will provide notice to potential members of the Class via publication through a wire service, firm website, and websites and forums for cryptocurrency trading. Specifically, upon entry of the attached order granting Lead Plaintiff's proposed class notice, Levi & Korsinsky, LLP ("L&K") shall cause the Summary Notice to be published on a national wire service and published on coindesk.com[2] within twenty (20) calendar days after the entry of the Order approving Lead Plaintiff's Proposed Class Notice plan. A link to the Summary Notice shall further be posted on www.reddit.com/r/paragoncoin by L&K.[3] The Summary Notice, in turn, will direct readers to the full Notice, to be posted on the website of Plaintiff's counsel, Levi & Korsinsky LLP within twenty (20) days of the entry of an Order approving the Notice plan.

---

[2] CoinDesk is a self-described leader in blockchain news and media outlet that strives for the highest journalistic standards and abides by a strict set of editorial policies. CoinDesk maintains millions of viewers per month of those interested in cryptocurrency news. As PRG is a cryptocurrency, publication on CoinDesk is likely to reach potential Class members. *See* "About," CoinDesk, available at https://www.coindesk.com/about.

[3] Reddit is a multi-forum website which maintains millions of users per month. The subreddit reddit.com/r/paragoncoin is dedicated to the purchase, sale, and news surrounding Paragon Coin, and so publication on the subreddit is likely to reach potential Class members.

In this scenario—with no public investor list available to Lead Plaintiff, and with the Defendants in default and unwilling to participate in discovery, taken together, these manners of providing notice constitute the best notice practical under the circumstances. Accordingly, these methods of notice satisfy the requirements of Rule 23, the PSLRA, and due process. *See Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 239 (N.D. Cal. 2014) (approving a notice plan through internet and print media for class members whose addresses were unknown); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 328 (N.D. Cal. 2018) (finding a notice plan satisfied Rule 23 and due process where unidentified class members were notified via magazines and the internet); *see also Dashnaw v. New Balance Ath., Inc.*, No. 17cv159-L(JLB), 2019 U.S. Dist. LEXIS 126183, at *9 (S.D. Cal. July 29, 2019) ("Because nearly 95% of putative Class members were unknown," the court noted that it had approved a notice plan which effectuated notice in part via print publication, online banner ads, and a press release.).

**PROPOSED SCHEDULE OF CLASS NOTICE EVENTS**

| Event | Proposed Timing |
|---|---|
| Deadline for publishing the Class Notice to Class Members (the "Notice Date") | *20 calendar days after the entry of an Order approving the Notice Plan.* |
| Deadline for Class Members to exclude themselves from the Class | *60 calendar days after dissemination of the Class Notice.* |

**CONCLUSION**

For the reasons stated herein, Lead Plaintiffs' proposed Class Notice plan should be granted.

Respectfully submitted,

Dated: July 21, 2020        **LEVI & KORSINSKY, LLP**

By: */s/ Donald J. Enright*
Donald J. Enright (admitted *pro hac vice*)
1101 30th St., NW, Ste. 115
Washington, DC 20007

Telephone: (202) 524-4292
Facsimile: (212) 363-7171

Rosemary M. Rivas
Rosanne L. Mah
**LEVI & KORSINSKY, LLP**
388 Market Street, Suite 1300
San Francisco, CA 94104
Telephone: (415) 373-1671
Facsimile: (415) 484-1294

Eduard Korsinsky (to be admitted *pro hac vice*)
**LEVI & KORSINSKY, LLP**
55 Broadway, 10th Floor
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 636-7171

*Attorneys for Lead Plaintiff Jon Holland and Plaintiff Astley Davy*

## CERTIFICATE OF SERVICE

I authorized the electronic filing of Plaintiffs' Proposed Class Notice Plan with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List maintained by this Court.

Dated: July 21, 2020

*/s/ Donald J. Enright*
Donald J. Enright