UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTLEY DAVY, et al., <br><br>    Plaintiffs, <br><br> v. <br><br> PARAGON COIN, INC., et al., <br><br>    Defendants. | Case No. 18-cv-00671-JSW <br><br> **ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR DEFAULT JUDGMENT** <br><br> Re: Dkt. No. 189 |

This matter comes before the Court upon consideration of Plaintiffs' renewed motion for default judgment against Defendant Jayceon Terrell Taylor AKA "The Game". The deadline to submit an opposition has passed, and Taylor has not opposed the motion. The Court concludes a reply is not necessary. The Court has considered Plaintiffs' motion, the lack of opposition, relevant legal authority, and the record in this case, and it finds the motion is suitable for disposition without oral argument. The Court VACATES the hearing scheduled for July 9, 2021, and it HEREBY GRANTS Plaintiffs' motion.

**ANALYSIS**

On March 26, 2021, the Court issued an Order granting, in part, and denying, in part Plaintiffs' motion for default judgment, and it denied their request for a default judgment against Taylor. (Dkt. No. 185 ("3/26/21 Order").) The Court will not repeat the facts or procedural history set forth in that Order or the Court's previous orders in this case and will address any additional facts below.

Under Federal Rule of Civil Procedure 55(b)(2), once a defendant is in default, a court, in its discretion may grant a motion for default judgment. *See Aldabe v. Aldabe*, 616 F.2d 1089,

1092 (9th Cir. 1980). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted). "However, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DirecTV, Inc. v. Hyunh*, 503 F.3d 847, 854 (9th Cir. 2007) (internal quotations and citations omitted). When it determines whether to grant default judgment, the Court considers:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; [and] (5) the possibility of a dispute concerning material facts[.]

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). *Eitel* also requires the Court to consider "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472.

The Court previously found: it has subject matter jurisdiction; there is sufficient evidence to show Taylor was served; and the Court has personal jurisdiction over him. The Court also incorporates by reference its prior rulings on prejudice, excusable neglect, the sum of money at stake, and the preference for resolving caes on their merits. (3/26/21 Order at 7:24-8:18, 14:25-15:13.) The Court also incorporates by reference the ruling that PRG Tokens are a "security" and that the PRG Tokens were offered or sold "by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omit[s] … a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading." (*See id.* at 9:9-15.)

The Court denied the motion as to Taylor because it found the Plaintiffs had not met their burden to show he could be considered a statutory seller, for purposes of their claims for violations of Sections 12(a)(1) and 12(a)(2) of the Securities Act of 1933, 15 U.S.C. sections 77*l*(a)(1)-(2) and 77o(a). An individual may be held liable under Sections 12(a)(1) and (a)(2) if they are an owner who passes title to an unregistered security. In *Pinter v. Dahl*, the Supreme Court determined that a "person who successfully solicits the purchase" of a security and who is "motivated at least in part by a desire to serve his own financial interests or those of the security

2

owner," *i.e.* a "statutory seller" can be held liable under Section 12(a)(1) while an individual who is merely a "collateral participant" cannot be held liable. 486 U.S. 622, 643-647, 650 n.26 (1988); *see also In re Daou Systems*, 411 F.3d 1006, 1029 (9th Cir. 2005). The *Pinter* court also determined that individuals who solicit securities transactions but who may not actually transfer title in the security can be held liable. *Id.* at 646-47; *see also Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 369-371 (5th Cir. 2001) (holding defendants not liable as statutory sellers in "firm commitment underwriting," *i.e.* where "stocks are sold to underwriters under a firm commitment and the underwriters sell to the public" based on findings that plaintiffs had not alleged defendants' role "was not the usual one" in firm underwriting and "went farther and became a vendor's agent").

Plaintiffs maintain that Taylor can be considered a "statutory seller" for purposes of their Section 12 claims. To satisfy the remaining *Eitel* factors they must show that Taylor "did more than simply urge another to purchase a security; rather, [they] must show that [Taylor] solicited purchase of the securities for [his] own financial gain." *In re Daou*, 411 F.3d at 1029. As the Court previously discussed, soliciting requires more than giving gratuitous advice, and the Ninth Circuit has not issued definitive guidance on the type of facts that would show more than mere participation. (3/26/21 Order at 10:1-12:12.)

Plaintiffs allege that Paragon "employed" Taylor as a celebrity endorser to solicit investments. (Second Amended Complaint ("SAC") ¶¶ 45, 82, 233-234, 253, 265-267).) Plaintiffs have consistently referred to Taylor as a member of Paragon's "advisory board," which suggests that he was affiliated in some way with Paragon. Plaintiffs do not allege that clearly allege Taylor was a Paragon employee, rather than an outside consultant, but the Court does not find that fact dispositive. *See, e.g., Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 535-36 (9th Cir. 1989). Plaintiffs also do not clearly allege in the SAC that Paragon paid Taylor; nor do they support their argument with evidence of that fact. However, Plaintiffs highlight that the Paragon White Paper stated that "'[f]ounders and team members' would be prohibited from 'liquidating' more than 20% of their PRG Tokens in the first calendar year, as this would 'keep a stable token price' and 'keep[] their interests aligned with the Paragon community'" and allege

3

Taylor would be considered a team member. (SAC ¶ 202.) Upon consideration of Plaintiffs' renewed motion, the Court is persuaded the allegations are sufficient to show that Taylor acted for his own gain or for Paragon's gain and, thus, could be considered a statutory seller. Therefore, the Court concludes that each of the *Eitel* factors weighs in favor of granting Plaintiffs' renewed motion for default judgment.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' renewed motion for default judgment relating to the alleged violations of Sections 12(a)(1-2) of the Securities Act of 1933. Pursuant to Federal Rule of Civil Procedure 55(b)(2), Jayceon Terrell Taylor a/k/a "The Game" is found jointly and severally liable with Paragon, Inc., Jessica VerSteeg, Egor Lavrov, Eugene "Chuck" Bogorad, Alex Emelichev, and Gareth Rhodes in the amount of $12,066,000, plus pre-judgment and post-judgment interest.

The Court ORDERS Plaintiffs to file a further status report regarding how they intend to proceed with respect to Black Rabbit Holdings by July 2, 2021 and their proposed timing for filing a motion for attorneys' fees and costs and the submission of a final judgment.

**IT IS SO ORDERED**.

Dated: June 23, 2021

_____
JEFFREY S. WHITE
United States District Judge